IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN JUNIUS SIMMONS, : CIVIL ACTION NO. **1:CV-10-0739**
:
Plaintiff : (Judge Caldwell)
:
v. : (Magistrate Judge Blewitt)
:
C.O. MALLICK, et al., :
:
Defendants :

## **REPORT AND RECOMMENDATION**

**I. Background.**

On April 7, 2010, Plaintiff, Marvin Junius Simmons, an inmate at the Lackawanna County Prison, Scranton, Pennsylvania ("LCP"), filed, *pro se,* another civil rights action with this Court pursuant to 42 U.S.C. § 1983.(Doc. 1).[1] Plaintiff also filed an Motion for Leave to Proceed *in forma pauperis* (Doc. 5).

Plaintiff's claims are set forth on six (6) handwritten pages which comprise his § 1983 Complaint. (Doc. 1). Plaintiff's six handwritten pages,[2] along with the attachments to his Complaint, contain his statement of claims. *See* Doc. 1.[3] Plaintiff names three (3) Defendants in his Complaint.

---

[1] Plaintiff has also recently filed three other civil rights actions with this Court, to wit: M.D. Pa. Civil Nos. 1:CV-10-0770; 1:CV-10-0771; and 1:CV-10-0772. These three cases are currently pending with the Court.

[2] We have labeled and refer to Plaintiff's six handwritten pages which make up his Complaint as Doc. 1, pages 1 through 6 herein. We have labeled and refer to Plaintiff's exhibits, copies of six grievances Plaintiff states that he filed at LCP, which he indicates that the warden returned to him unanswered, as Exs. A-F.

[3] In his Complaint (Doc. 1, p. 3), the Plaintiff indicates that he utilized the grievance procedure available at LCP and that he filed grievances and appeals with the warden. However, Plaintiff states that he did not receive any responses to his grievances and his appeals,

Specifically, Defendants are: Correctional Officer ("C.O.") Mallick; C.O. Talutto; and Captain Sherelli. The three individual Defendants are employed at LCP. (Doc. 1, p. 2).

**II. Allegations of Complaint.**

Plaintiff summarizes his claims as follows, "racial slurs against me, harsh degrading inhumane treatment, threatening to kill me, and sexual assault, refused to give me medical attention." (*Id*.). Specifically, as his statement of claims, Plaintiff alleges:

> I was subjected to cruel & unusual punishment. Officer Talutto and Officer Mallick entered my cell, Officer Talutto put his arm around my neck choking me in a headlock, while Officer Mallick snatched my pants and underware (sic) down to my ankles. Office Mallick then sexually assaulted me by jamming his finger in my rectum which damaged and caused my rectum to bleed. Officer Mallick then called me a no-good black nigger and told me if he had his gun on him he would blow my head off. Mallick and Talutto refused to get me medical attention for my rectum injury. I reported all of this to Captain Sherelli nothing was done about this. I filed grievances and appeals to the warden. The warden returned my grievances appeals back to me unanswered.

(*Id*., p. 3).

In his continuation of his statement of claims, Plaintiff repeats his "sexual assault" claim and avers:

---

and that "the warden returned [his] grievances [and] appeals back to [him] unanswered." (*Id*.). None of the copies of the grievances and appeals Plaintiff attached to his complaint are signed by Plaintiff and LCP staff, and none are marked received by LCP staff. Thus, there is no indication on these exhibits showing that LCP staff actually received any of the grievances and appeals of Plaintiff.

Plaintiff must exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit, however Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

> Officers Mallick and Talutto are harassing me, threatening to kill me. Officer Mallick called me a black nigger. Officer Mallick told me if he had his gun on him he would blow my head off. Officer Mallick are trying to get other inmates to jump me telling inmates to spit in my food. Officer Mallick and Officer Talutto has stripped me naked in my cell left me in my cell without any clothes to wear. On 3-27-2010 Officer Mallick sexually assaulted me while Officer Talutto
>
> held me in a head lock. Officers Mallick and Talutto denied me medical attention. I reported all of these allegations to Captain Sherelli nothing was done Captain Sherelli refused to conduct any investigations concerning this matter.

(*Id.*, p. 6).

In his Ex. A grievance, which, as noted, is not signed by either Plaintiff or an LCP staff member and which does not indicate that he was received by staff and given an LCP grievance number, Plaintiff stated that on March 27, 2010, Defendant Talutto conducted "a shakedown in a disrespectful manner [and that he] confiscated my orange jump suit with an unjustified lie by telling me I'm [protective custody status] not [administrative custody]." (Doc. 1, Ex. A).[4] Plaintiff also stated that Defendant Talutto intentionally left him in his cell without a jump suit to wear. Also, in an unsigned request form dated March 27, 2010, labeled as a "Grievance Appeal," which is not

---

[4]In applying the Motion to Dismiss standard under Rule 12(b)(6), the Court can look to pleadings in the record. As noted by the Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.):

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

3

signed and not marked received by an LCP staff member, Plaintiff stated as follows:

> Officer Mallick and Officer Talutto entered my cell. Talutto grabbed me round my neck putting me in a head lock. Mallick snatched my pants down to my ankles and stuck his finger up my rectum. Mallick is retaliating against me for reporting him to the Deputy Warden.

(Doc. 1. Ex. F).

As relief, Plaintiff requests this Court to transfer him to another county prison, and he states that he "would like to file a motion for restraining order against [Defendants C.O. Mallick, C.O. Talutto and Captain Sherelli]." (*Id*., p. 3). Plaintiff seemingly seeks this Court to restrain Defendants C.O. Mallick, C.O. Talutto and Captain Sherelli from subjecting him to "racial discrimination, harsh degrading inhumane treatment, and sexual harassment." (*Id*., p. 6). Plaintiff states that his "safety is in extreme danger around [Defendants]." Plaintiff does not request any monetary damages from Defendants.

We now screen Plaintiff's latest pleading as we are obliged to do.

**III. PLRA.**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5). The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

---

[5] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

pursuant to 28 U.S.C. § 1915.[6] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[7] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

---

[6]The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 5 and 6).

[7]Plaintiff alleges in his pleading that the Defendants are employees of LCP. (Doc. 1). This is sufficient to show that Defendants are state agents.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

**V. Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## VI. Discussion.

We construe Plaintiff as raising an Eighth Amendment excessive force claim and denial of proper medical care claim against Defendants Talutto and Mallick regarding the alleged March 27,

2010 "sexual assault" incident .[8] Plaintiff also alleges that Defendants Talutto and Mallick sexually harassed him and called him racially derogatory names. It also seems that Plaintiff is rasing an Eighth Amendment denial of proper medical care claim against Defendants Talutto and Mallick for allegedly denying him medical treatment for his unspecified "rectum injury." With respect to Defendant Sherelli, Plaintiff simply avers that he reported all of his allegations against Defendants Talutto and Mallick to Sherelli, and that Sherelli did not do anything about them and refused to conduct any investigation. We find that Plaintiff does not sufficiently state the personal involvement of Defendant Sherelli with respect to any of his claims.

Moreover, insofar as Plaintiff seeks as relief the Court to order his transfer from LCP to a different county prison, it is well settled that an inmate does not have a constitutional right to be incarcerated in any particular prison. *See Podhorn v. Grondolsky*, 2009 WL 3471299, *2 (3d Cir.) (Per Curiam) citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Kimball v. Walters*, 2007 WL 87897. (M.D. Pa.)(inmate had no constitutional right to be transferred to any particular cell or to

---

[8]As noted, Plaintiff admits that he has not fully exhausted his available administrative remedies at LCP with respect to his claims. However, he seems to allege futility since he states that he filed grievances and appeals, and that the warden returned them to him unanswered. Also, as noted, Plaintiff is required to exhaust all of his administrative remedies available through the LCP grievance procedure with respect to each of his claims prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). We also note that it would hardly seem possible for Plaintiff to have fully exhausted his available administrative remedies at LCP with respect to his claims since they just recently occurred on March 27, 2010 and March 29, 2010, and since Plaintiff filed his Complaint with this Court about one week later on April 7, 2010. (Doc. 1, Exs. A-F). However, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 ; *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

any particular prison). We will recommend that Plaintiff's request for relief be dismissed insofar as he seeks the Court to order his transfer from LCP to another county prison.

We do not find that Plaintiff has stated the personal involvement of any Defendant with respect to his Eighth Amendment denial of proper medical care claim since he does not aver that he was suffering from a serious medical condition and that Defendants acted with deliberate indifference to it. Rather, Plaintiff avers that after Defendant Mallick "[jammed his finger in [his] rectum" it caused unspecified damage and his rectum to bleed.[9] Plaintiff does not even state how long the alleged bleeding continued, and he does not aver that it was a serious condition.

In *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), the Court held that:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
>
> Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.,* 429 U.S. at 107. "[A]s long as a physician exercises

---

[9]Plaintiff's own exhibits, attached to his Complaint, seem to indicate that Defendants Mallick and Talutto conducted a full body cavity search of Plaintiff as part of a March 27, 2010 shakedown in Plaintiff's cell. Further, none of the copies of the grievances and appeals Plaintiff purportedly filed with LCP complain about being physically injured as a result of the March 27, 2010 rectal search by Defendants Mallick and Talutto, and they do not complain that Plaintiff was denied required medical care for a bleeding rectum. (Doc. 1, Exs. A-F).

We also note that we consider the exhibits Plaintiff has attached to his Complaint for present screening purposes.

> professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir.1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napoleon,* 897 F.2d 103, 110 (3d Cir.1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir.1993).

Based on the above, we find that there is insufficient personal involvement of the three (3) individual Defendants alleged with respect to Plaintiff's Eighth Amendment denial of proper medical care claim. As indicated above, the personal involvement of a Defendant with respect to an alleged constitutional violation is a requirement in a § 1983 action.

We do find that Plaintiff sufficiently states an Eighth Amendment excessive force claim only against Defendants Mallick and Talutto regarding the March 27, 2010 "sexual assault" incident in which Talutto allegedly choked Plaintiff in a headlock and Mallick allegedly "jamm[ed] his finger in [Plaintiff's] rectum." Defendant Sherelli's personal involvement is not alleged with respect to this "sexual assault" incident. In particular, Defendant Sherelli's personal involvement in the stated incident is not alleged either as a participant in the averred assault or as failing to take any action to protect Plaintiff from the assault. Also, we do not find that Plaintiff has stated an Eighth Amendment failure to protect claim against any Defendants. Plaintiff does not even aver that Defendant Sherelli saw the alleged assault on him by Defendants Mallick and Talutto. Nor has Plaintiff plead any facts that Defendant Sherelli witnessed the alleged assault on him by Defendants Mallick and Talutto and that Sherelli could have intervened to prevent the assault.

Thus, it is clear from Plaintiff's own pleading that Defendant Sherelli did not have a

10

reasonable and realistic opportunity to intervene to stop the alleged assault. *See Ali v. McAnany*, 262 Fed. Appx. 443, 446 (3d Cir. 2008)(duty of an officer to intervene "only arises where an officer is presented with a 'reasonable and realistic opportunity to intervene.'")(citing *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002). Plaintiff has not plead any facts that Defendant Sherelli had reason to know that Mallick and Talutto were going to use excessive force on him on March 27, 2010, and that Sherelli could have reasonably prevented the alleged injury to him by intervening.

As mentioned, we find that Plaintiff sufficiently states an Eighth Amendment excessive force claim only against Defendants Mallick and Talutto regarding the March 27, 2010 "sexual assault" incident. As the Court stated in *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.):

> The Third Circuit Court of Appeals has noted that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, the fact-finder must determine " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause. harm." " *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). When " 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," summary judgment is inappropriate for the defendant. *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Five factors apply in determining whether a correctional officer used excessive force: "(1) 'the need for the application of force;" (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of the response.'" *Id.* (quoting *Whitley*, 475 U.S. at 321).

*See also Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) (Court stated the factors in establishing an Eighth Amendment excessive force claim against prison staff).

11

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 *S.Ct. 995, 117 L.Ed.2d 156 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id*. (Citation omitted).

*Wesley*, 2004 WL 1465650 *6. *See also Eppers v. Dragovich*, 1996 WL 420830 (E.D.Pa.).

Based on the above, we find that Plaintiff has stated a cognizable Eighth Amendment excessive force claim only against Defendants Mallick and Talutto regarding the "sexual assault" incident. Using the factors set out by the *Bright* Court, based on the allegations in Plaintiff's Complaint, there was no need for the use of force by Defendants Mallick and Talutto against Plaintiff on March 27, 2010. There appears to have been no threat to the safety of either the other inmates or the prison staff which could reasonably be perceived by Defendants Mallick and Talutto.

It is clear, taking the allegations in the Plaintiff's Complaint as true, as we must at this juncture, that Plaintiff has sufficiently averred the intent of Defendants Mallick and Talutto was malicious and not done in a good-faith effort to maintain or restore discipline in the prison. Further, Plaintiff states that after the alleged assault by Defendants Mallick and Talutto his rectum bled. Plaintiff does not specifically state what injuries he sustained to his rectum. However, we find Plaintiff has sufficiently stated, present screening purposes, that Mallick and Talutto used more than *de minimis* physical force against him. We find Plaintiff's allegations against Defendants Mallick and

12

Talutto to be sufficient for present purposes since he indicates that the "sexual assault" incident was performed in a deliberate attempt to inflict pain on him.

Therefore, we will recommend that Plaintiff's Eighth Amendment excessive force claim against Defendants Mallick and Talutto proceed, and we will recommend that to the extent Plaintiff may be raising an Eighth Amendment failure to protect claim against Defendant Sherelli, it be dismissed.

Additionally, we do not find that Plaintiff has stated a claim for verbal, racial and sexual harassment, including threats, as against Defendants Mallick and Talutto. Plaintiff does not state the personal involvement of Defendant Sherelli with respect to this claim. Rather, Plaintiff only alleges that he reported his allegations against Defendants Mallick and Talutto to Defendant Sherelli and that Sherelli refused to conduct any investigation concerning them.

As the Court stated in *Aponte v. Karnes*, 2008 WL 360879, *3 (M.D. Pa.):

> It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Maclean v. Secor,* 876 F.Supp. 695, 698-99 (E.D.Pa.1995); *Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974).
>
> Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson,* 373 F.Supp. 970, 973 (E.D.Va.1973): *see also Balliet v. Whitmire,* 626 F.Supp. 219, 228-29 (M.D.Pa.) ("[v]erbal abuse is not a civil rights violation ...."), *aff'd,* 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n,* 822 F.Supp. at 189, or under the Fifth Amendment's substantive due

> process clause, *see Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991), *cert. denied,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991).
> Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino,* 684 F.Supp. 395 (D.N.J.1988) (prison employee threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. *Bieros v. Nicola,* 860 F.Supp. 226, 233 (E.D.Pa.1994): *see also Prisoners' Legal Ass'n,* 822 F.Supp. at 189; *Murray,* 809 F.Supp. at 384.

*See also Kimball v. Walters*, 2007 WL 87897, *7 (M.D. Pa.); *Boyle v. Klopotoski*, Civil No. 09-1158, M.D. Pa., J. Conaboy.[10]

In *Marten v. Hunt*, 2009 WL 1858257, *6 (W.D. Pa.), the Court stated:

> An inmate has no constitutional right to be free from verbal abuse. *Carney v. Craven,* 2002 WL 1315605 (6th Cir.). "Mere allegations of verbal abuse, threats, or defamations by a correctional officer to a prisoner are not cognizable in a Section 1983 action." *Fischl v. Armitage,* 128 F.3d 50, 55 (2nd Cir.1997). Use of derogatory racial epithets or slurs does not violate the due process clause of the Fourteenth Amendment, *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987), or the Eighth Amendment's prohibition against cruel and unusual punishment, *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir.1987). *See also Wright v. O'Hara,* 2002 WL 1870479 (E.D.Pa. August 14, 2002).

Thus, we will recommend that Plaintiff's claims that Defendants Mallick and Talutto verbally harassed him, called him racially derogatory remarks, and threatened him at LCP be dismissed.

---

[10] Plaintiff Simmons does not allege that Defendant Mallick threatened to shoot him when he actually had his gun in his possession. Rather, Plaintiff avers that Mallick told him that "if he had his gun on him he would blow my head off."

Therefore, as stated, we will recommend that only Plaintiff's Eighth Amendment excessive force claim against Defendants Mallick and Talutto proceed. Further, we will recommend that Plaintiff's claim for verbal, racial and sexual harassment against Defendants Mallick and Talutto be dismissed. We also recommend that Plaintiff's Eighth Amendment denial of medical care claim against Defendants Mallick and Talutto be dismissed. As stated above, Plaintiff's "allegations must be sufficient to make the claim for relief more than just speculative." *Banegas v. Hampton*, 200 WL 1098845, *3 (E.D. Pa.), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The claim must contain enough factual matters to suggest the required elements of the claim or to 'raise a reasonable expectation that discovery will reveal evidence of' those elements." *Id.*, *3. (Citations omitted).

Moreover, we will recommend that Defendant Sherelli be dismissed entirely from this action since we find no cognizable claims are asserted against him. The *Marten* Court, 2009 WL 1858257, *8, stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id. quoting Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1958, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) *quoting Rode,* 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of

> constitutional rights may not be held liable on a theory of vicarious liability
> merely because the superior had a right to control the line officer's action);
> *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997)
> (to hold police chief liable under § 1983 for violating female subordinate
> officer's rights, she was required to prove that he personally participated in
> violating the her rights, that he directed others to violate her rights, or that
> he had knowledge of and acquiesced in his subordinates' violations).

As discussed above, we find that Plaintiff does not state sufficient allegations against Defendant Captain Sherelli to hold him liable under § 1983 with respect to the alleged constitutional violations committed by Defendants Mallick and Talutto. Plaintiff merely alleges that Defendant Sherelli failed to conduct any investigation into Plaintiff's allegations against Mallick and Talutto.

## VII. Recommendation.

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims against Defendant Sherelli be dismissed, and that this supervisory Defendant be dismissed entirely from this case since there are no cognizable constitutional claims stated against him. Further, it is recommended that Plaintiff's claim for verbal, racial and sexual harassment against Defendants Mallick and Talutto be dismissed. It is additionally recommended that Plaintiff's Eighth Amendment denial of proper medical care claim, which is only asserted against Defendants Mallick and Talutto, be dismissed. Moreover, it is recommended that Plaintiff's request for a transfer to another county prison be dismissed.

Finally, it is recommended that only Plaintiff's Eighth Amendment excessive force claim against Defendants Mallick and Talutto regarding the March 27, 2010 alleged "sexual assault" incident be allowed to proceed.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: April 21 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0739** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| C.O. MALLICK, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 21, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                 s/ Thomas M. Blewitt
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: April 21 , 2010**